OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cleveland Bar Association v. Young.
[Cite as Cleveland Bar Assn. v. Young (1993),      Ohio St.3d    .]
Attorneys at law -- Misconduct -- Suspended one-year
    suspension with two years' monitored probation and
    restitution to clients -- Neglecting an entrusted legal
    matter -- Failing to assist in disciplinary investigation.
    (No. 93-901 -- Submitted July 8, 1993 -- Decided
September 8, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-37.

On June 22, 1992, relator, Cleveland Bar Association, filed a multiple-count complaint charging misconduct against respondent, James C. Young of Cleveland, Ohio, Attorney Registration No. 0034227. The complaint alleged, inter alia, violations of DR 6-101(A)(3) (neglecting a legal matter entrusted), and Gov. Bar R. V(4)(G) (neglecting or refusing to assist in disciplinary investigation). In his answer, respondent admitted that he initially ignored inquiries made by the Cleveland Bar Association's Certified Grievance Committee and hence violated Gov. Bar R. V(4)(G). He denied the other violations, as well as most of the factual allegations underlying them.

Each count arose from accusations by clients, or their family members, that respondent did not provide legal services commensurate with fees paid. Counts 1 through 6 involve respondent's representation of six defendants on unrelated criminal matters and variously alleged: (1) inadequate post-conviction representation, (2) missed court appearances, or (3) misrepresentation of the duration of sentence possible after a guilty plea. Count 7 charged respondent with failing to take steps necessary to effectuate the transfer of a client's son from one school district to another. Six of the seven counts alleged that respondent repeatedly ignored telephone calls and other requests for information relative to the case in which the complainant was involved. All seven counts charged respondent with failing to respond to inquiries by the certified grievance committee regarding the alleged

misconduct.

These charges were heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on January 28, 1993. Respondent admitted that he did not initially cooperate with the investigation commenced by the certified grievance committee and characterized his behavior as inexcusable. He also conceded that he sometimes neglected to return phone calls.

Respondent vigorously denied claims that he provided substandard representation. As to Counts 1 through 6, respondent enumerated at length the post-conviction services he rendered and testified that he had never misled a client into a guilty plea or guaranteed a specific sentence in exchange for a particular plea. As to Count 7, respondent stated that he promptly prepared the necessary document as requested and had his secretary notify the client that it was ready to be picked up.

Respondent testified that over the relevant period he was under considerable stress, attempting to deal with the birth of a handicapped son and the resultant break-up of his marriage. He felt that his personal traumas had made him a stronger person and did not anticipate that his professional conduct would ever again suffer. Respondent accepted full responsibility for his prior actions.

In addition to numerous written character references, respondent presented two witnesses on his behalf. Andrew L. Johnson, Jr., respondent's former colleague, stated that respondent functioned "very well" as a criminal attorney and was well regarded. He testified that respondent was "devastat[ed]" by the discovery of his son's irreversible blindness. Respondent's former employer, Jose C. Feliciano, characterized respondent as "very effective and capable" and lauded respondent's courage in helping to bring a corrupt police officer to justice.

The panel found that respondent had failed to communicate with his clients and failed to respond to certified grievance committee inquiries. It also found that respondent had missed four criminal hearings, but noted that his clients were not harmed as a result. In all but three instances, the panel ruled that respondent's clients "received competent legal services for very reasonable fees." The panel concluded that "the individual counts when viewed in light of the evidence presented, the short span of time over which the alleged violations of the Disciplinary Rule occurred and the minimum amount of harm caused to the public, are not as serious as they appear on their face."

Accordingly, the panel recommended that respondent be suspended from the practice of law in Ohio for a period of one year. It further recommended that the sentence be suspended, and that the respondent be placed on two years' monitored probation. The panel also recommended that respondent make restitution to: (1) Alice Cooper in the amount of $1,000 as to Count 1, (2) Dorothy Robbins in the amount of $3,000 plus costs as to Count 2, and (3) Myrna Washington in the amount of $75 plus costs as to Count 7. Finally, the board recommended that respondent attend six hours of continuing legal education courses on law office management during each year of his

probation.

On May 6, 1993, the board adopted the findings and recommendation of the panel, and also recommended that the costs of the proceeding be charged to respondent.

Joseph W. Diemert, Jr., Alan S. Belkin and Sheldon L. Braverman, for relator.

Richard S. Koblentz, for respondent.

Per Curiam.  We adopt the findings and recommendation of the board.  Respondent is suspended from the practice of law in Ohio for a period of one year.  We hereby suspend this suspension and place respondent on two years' monitored probation.  Respondent is ordered to make restitution to Alice Cooper in the amount of $1,000 as to Count 1.  Respondent is ordered to make restitution in the amount of $3,000 plus costs to Dorothy Robbins as to Count 2 and to Myrna Washington in the amount of $75 plus costs as to Count 7.  Respondent is also ordered to attend six hours of law office management continuing legal education during each year of his probation.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.